Caruthers, J.,
delivered the opinion of the Court.
We are asked to reverse the judgment in this case for errors in the charge of the Court. It is an indictment against a schoolmaster for an assault and battery upon one of his scholars. The facts proved to which the charge had reference, are these: The scholar, Wyatt Layne, was a small hoy, and had only been at the school one day before this occurrence. The offence for which he was chastised, with some severity, and all the attending circumstances, are thus detailed *456 by the first witness, and are not materially varied by tbe other scholars, who were examined in the case, on both sides.
John M. Gunn, about 15 or 16 years of age, says: “ Anderson was hearing a class, and Wyatt Layne spoke out, and said that ‘four and one make five,’ in a low tone of voice ; that Anderson asked ‘ who it was spoke out ?’ Layne said ‘ it was him that Anderson called him up, and told him to stand there till he got through his class. Anderson asked him what he spoke out for? He said he spoke before he thought, and commenced crying, and said he would do so no more. Anderson told him to pull off his coat, that no excuse would do. He pulled off his coat. He hit him about a dozen licks, with a switch about as large as his thumb or finger, and two or three feet long; struck him pretty hard, Layne crying all the time. Lanye was a small boy, and was never at the school of defendant until the day before the whipping.” He thinks that the little boy had never heard the rules of the school.- He says further, that Anderson kept a silent, quiet school.
Some of tlie witnesses think only eight licks were inflicted, and that the boy spoke out loud.
Upon these facts, the defendant was clearly guilty of an illegal act. There was no sufficient cause for the whipping. The offence was very slight, and entirely unintentional. It was the first violation of the rules on the part of the little boy; he was a new scholar, that being his second day in the school, and his apology, repentance, and promise “ to do so no more,” ought to have saved him from the lash. The chastisement, under these circumstances, was not only cruel, but an unauthorized exercise of power. Cases like this are calculated to produce the deeds of violence against teachers, which so often occur on the part of the parents and brothers of students.
The law has very properly guarded the rights of both parties, where this, and similar relations, exist. The authority given to the teacher must not be abused, but exercised with discretion and moderation. He must, necessarily, have the power to enforce obedience to his rules, and even to use the *457 rod when necessary, but not wantonly and without canse. Nor must his chastisements be cruel or excessive, but reasonably proportioned to the offence, and in the bounds of moderation. It is of the first importance that the authority of •the schoolmaster should be firmly maintained, but still it must be kept within proper limits. The scholar being helpless, and in the power of his teacher, that power should be restrained, and not allowed to be wantonly abused with impunity. Where this is done, the Courts must afford the proper redress, and prevent the temptation from being presented to parents and relations to take vengeance into their own hands. The government of a school should be patriarchal, rather than despotic. If it be a monarchy, it should be a limited one, and not absolute.
But the claim for a new trial is rested upon a supposed error in the charge. His Honor read to the jury, as the law applicable to the case, the 97th section of 2 Greenl. Ev., and said, in reference to this relation, “ if Anderson chastised him, then to justify him, he must, by evidence, establish some misbehavior on his part sufficient to justify the correction given.”
Our first impression was that this proposition was erroneous. And so we would still regard it, if it is to be understood as stating the law to be, that the burthen of proving sufficient cause, is thrown upon the teacher, whenever an act of chastisement is established by the State, in order to justify it.
We think the proper rule is, that rvhere the relation of schoolmaster and scholar, parent and child, master and apprentice, or any similar relation, is established in defence of a prosecution of this sort, the legal presumption is, that the chastisement was proper; this must be rebutted by showing on the part of the State, or the proof before the jury, that it was excessive, or without any proper cause. To hold a parent bound to prove that he had good cause to whip his child, or be subject to a conviction upon indictment, would be monstrous. The same rule applies to the relation under consideration.
But we do not understand his Honor to say anything more, *458 than that in order to acquit the defendant, it must appear in the evidence before the jury, showing all the facts of the case, •that there was “ some misbehavior ” on the part of the boy “to justify the correction given.”
If there had been nothing in the proof before the jury, but the simple fact of whipping, and the relation of the parties, we do not suppose that the able and accurate Judge who presided in this case, would have held, that in order to make out his defence, it would be required that he should show the cause of the chastisement, or that it was moderate. The proof of all the circumstances was before the jury, and it was only intended to instruct them, that the defendant must show in the facts proved, some misbehaviour that would justify him for the punishment inflicted.
Without expressing any opinion on the law as laid down by Greenleaf, in the section referred to, in civil cases, we need only say, that that, as well as the passage in charge, upon which we have commented, were only abstractions in reference to this case, as presented in the evidence before them, and could not hive prejudiced the defendant. The full case, and all the facts connected with it, were before the jury, and the rules laid down could not have had the effect to mislead them in their conclusions upon the evidence.
Let the judgment be affirmed.